UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIE LEROY-HILL,

               Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT
OF EDUCATION and LOCAL 1811,

               Defendants.

------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**

05-CV-1952 (CBA)

AMON, UNITED STATES DISTRICT JUDGE

      The defendant New York City Department of Education ("NYDOE") has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint of plaintiff Marie Leroy-Hill for failure to state a claim.[1] In her complaint, plaintiff alleges that the NYDOE's permanent revocation of her certification as a New York City School Bus Escort violated the Fourteenth Amendment of the United States Constitution and Article 1, Section 6 of the New York State Constitution by depriving her of property without due process of law.

    **I.    Background**

      Plaintiff was certified by the NYBOE's Office of Pupil Transportation ("OPT") as a School Bus Escort in 1990. (Compl. ¶ 7.) Beginning in 2003, plaintiff was employed by Hoyt Transportation, a private company that provides school bus transportation services, in the

---

[1] Plaintiff also filed suit against defendant Local 1181 Amalgamated Transportation Union but has since informed the Court of her intention to withdraw her claims against that defendant.

capacity of School Bus Escort on a bus that carried high-school special education students. (Compl. ¶¶ 3, 9.) On June 4, 2004, OPT received a complaint alleging that, on the previous day, one of the three students aboard the bus had a knife, that plaintiff was aware of the knife, and that plaintiff did not take mandatory safety precautions or report the incident. (Compl. ¶¶ 17, 18.) OPT conducted an investigation, which consisted of obtaining oral and written statements from the students on the bus that day. Thereafter, by letter dated June 10, 2004, Martin Oestreicher, Chief Executive of the Office of School Support Services, notified plaintiff that because she had not taken the necessary safety steps in this situation, her School Bus Escort certification would be permanently revoked. (Compl. ¶ 20; Letter of Martin Oestreicher, dated June 10, 2004 ("Ostreicher letter"), attached as Exh. A to Declaration of Amy Grosssberg, dated October 24, 2005 ("Grossberg Decl.").)

The procedures governing the suspension or revocation of a School Bus Escort certification, where the Escort was represented by a union with a collective bargaining agreement in place, are established by Chancellor's Regulation C-100 ("Regulation C-100" or "C-100"), which was enacted by the New York City Board of Education, the NYDOE's predecessor in interest. (Compl. ¶ 15; Regulation C-100, attached as Exh. B to Grossberg Decl.) The procedures provide that, upon receipt of a complaint, the OPT will initiate an investigation to determine if the alleged conduct of the bus worker would pose a threat to the safety of the riders. (C-100(1)(a)&(b).) The OPT will issue a report, indicating its findings and containing a recommendation as to the penalty to be imposed. (C-100(1)(g).) The bus worker may contest the OPT recommendation by filing a request for a disciplinary conference within 11 days of receiving the copy of the OPT report. (C-100(1)(h)&(2)(a).) At the disciplinary conference, the

hearing officer is permitted to rely upon the investigative report and any witness statements used to prepare the report. (C-100(2)(k).) Additionally, the bus worker is permitted to present evidence, make oral presentations arguing her side of the case, call witnesses, and cross examine witnesses where appropriate. (C-100(2)(d),(k).) However, in the letter requesting a hearing, the bus worker must "indicate what exhibits and witnesses [she] proposes to present at the OAR disciplinary conference, including any witnesses the worker wishes to examine, whose statements OPT relied upon in making the recommendation contained in its report." (C-100(2)(d).)

After plaintiff's bus escort certification was revoked, she availed herself of the revocation challenge provisions of C-100 and requested a disciplinary conference. (C-100(2)(a).) Plaintiff attended the conference with her union representative on August 25, 2004. (Compl. ¶¶ 23, 24; Report of NYDOE dated October 25, 2004 ("Post-Hearing Report"), attached as Exh. C to Grossberg Decl.) Plaintiff did not have independent counsel. At the conference, both plaintiff and the initial OPT investigator testified. (Compl. ¶¶ 25, 28; Post-Hearing Report.) According to the Post-Hearing Report, the OPT investigator testified that during his investigation, all three students on the bus indicated that the knife was not concealed and that they were openly passing it back and forth. (Id.) The OPT investigator also testified that the students had indicated that plaintiff was aware of the knife and that she indicated to them that the knife should be put away before someone got in trouble, and that when they refused to do so, plaintiff went to sit at the front of the bus with the driver. (Id.) Finally, the investigator testified that when he interviewed plaintiff, she denied having seen the knife. (Id.) Indeed, at the hearing, plaintiff testified that she never saw a knife. However, in a written statement, one of the three students indicated that

plaintiff was aware that one of them was in possession of a knife, but that she did not take any appropriate action. (Id.)

Based upon the testimony given to the investigator by the students, and the written statement of one of the students, the hearing officer determined that plaintiff was aware that a student was in possession of a knife and that she failed to take appropriate action. (Compl. ¶ 28; Post-Hearing Report.) The hearing officer recommended that the revocation of plaintiff's certification be affirmed. The revocation became final in a letter to plaintiff from the Chancellor's designee on October 25, 2004. (Compl. ¶ 32; Post-Hearing Report.) In April 2005, plaintiff commenced this suit, alleging that she had been deprived of due process of law under 42 U.S.C. § 1983, the United States Constitution, and the New York State Constitution.

**II.     Discussion**

    **A.     Standard of Review**

On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. A district court should grant a motion to dismiss only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

In deciding a 12(b)(6) motion to dismiss, the court may properly consider all materials attached to the complaint as an exhibit or any statements or documents incorporated in it by reference. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). If any materials outside the complaint are

presented and considered by the court, the motion must be treated as one for summary judgement governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). However, "where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

For the purposes of this motion, this Court accepts as true the plaintiff's factual allegations. In addition, the Court may properly consider a copy of the Chancellor's Regulation C-100, the initial letter of dismissal from Martin Oestreicher, and the letter from the Deputy Chancellor affirming plaintiff's dismissal and including the Post-Hearing Report, which documents are attached as exhibits to the Grossberg Declaration, as it appears that plaintiff explicitly relied on and referenced each of these documents in her complaint. (See Compl. at ¶¶ 15 (referencing Regulation C-100), 20 (referencing Ostreicher Letter), and 32 (referencing Post-Hearing Report).)

### B. Federal claims

Plaintiff's complaint alleges that NYDOE's permanent revocation of her certification as a New York City School Bus Escort violated 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution by depriving her of property without due process of law. Presuming for the purposes of this motion that plaintiff possessed a property interest in her school bus certification, she has not stated a claim for relief, as the procedures attendant upon the revocation of her school bus certification were constitutionally sufficient. See DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003) (citing Hodel v. Va. Surface Mining & Reclamation

Ass'n, 452 U.S. 264, 299 (1981)).

As described above, plaintiff was afforded a hearing before her certification was revoked. Plaintiff argues, however, that the NYDOE's procedures for revoking certifications are unconstitutional. Although plaintiff's complaint is unclear as to the nature and scope of her claim, at oral argument, plaintiff's counsel represented that her claim is that subsection C-100(2)(k) is unconstitutional on its face and as applied. To establish that a regulation is unconstitutional on its face, a plaintiff must demonstrate that it can never be applied in a valid manner. See Brooklyn Legal Servs. Corp. v. Legal Servs. Corp., 462 F.3d 219, 228 (2d Cir. 2006) ("Facial and as-applied challenges differ in the extent to which the invalidity of a statute need be demonstrated (facial, in all applications; as-applied, in a personal application).")

Subsection C-100(2)(k) provides in pertinent part that, at the hearing, "OPT may rely on its report . . . and any witness statements or other evidence used to prepare the report. However, OPT shall not be precluded from presenting appropriate evidence." Plaintiff argues that this regulation is unconstitutional because it allows the hearing officer to rely solely on the OPT report. However, the regulation does not require that the hearing officer rely solely on the OPT report. In addition, in this case, it is clear that the hearing officer did not rely solely on the OPT report, but relied in part on the investigator's testimony, the testimony of the plaintiff, and a written statement by one of the students interviewed by the investigator. Furthermore, plaintiff cites no case law to support the proposition relying solely on the OPT report would violate due process of law.

Plaintiff also seems to argue that the regulation is unconstitutional because it permits the disciplinary hearing officer to rely on hearsay statements and does not permit cross-examination

of witnesses. However, it is well settled that hearsay evidence is admissible in administrative proceedings, so long as the evidence introduced is facially reliable. See, e.g., Richardson v. Perales, 402 U.S. 389, 402 (1971) (upholding introduction in administrative hearing of medical reports containing hearsay, based on the reliability of medical reports prepared by professionals acting in their field); United States v. Int'l Bd. of Teamsters, 941 F.2d 1292, 1298 (2d Cir. 1991) (introduction of hearsay evidence in administrative hearing did not violate due process where plaintiffs did not dispute reliability of the admitted evidence), cert. denied, sub nom, Senese v. United States, 502 U.S. 109 (1992). Thus, that the regulations allow admission of hearsay evidence does not render them unconstitutional on their face.

Furthermore, contrary to plaintiff's assertions, the regulations provide a bus worker seeking a hearing the opportunity to call witnesses and to request cross-examination of those witnesses upon whose testimony the OPT report relied. (C-100(2)(d).) Where the recommended penalty is revocation of certification, "oral testimony, including cross-examination, shall be allowed unless the conference officer determines that such testimony is (1) irrelevant . . . ; (2) cumulative; or (3) otherwise unnecessary or inadmissible."[2] (C-100(2)(h).) However, the bus worker must indicate in the letter requesting the hearing which witnesses she wishes to testify at the hearing. (C-100(2)(d).) Plaintiff does not dispute that she did not request the opportunity to call witnesses or to cross-examine the witnesses upon whose testimony the OPT report relied. Thus, she has not shown that the regulations were unconstitutional as applied to her.

In short, accepting as true the facts alleged in the complaint, plaintiff has failed to show

---

[2] When the hearing officer determines that student testimony is required, it shall be given outside the presence of the bus worker, but the bus worker's representative may cross-examine those witnesses after consultation with the bus worker. (C-100(2)(m).)

that the regulations are unconstitutional, either facially or as applied.

      C.      **State Claims**

Given that plaintiff's claim of a violation of federal due process is without merit, it is equally so under the New York Constitution. The standards that govern New York's version of the Due Process Clause of the Fourteenth Amendment are essentially co-extensive with those of the federal Constitution. See Cent. Sav. Bank v. City of New York, 280 N.Y. 9, 10 (N.Y. 1939), cert. denied, 306 U.S. 661 (1939); see also Bd. of Mgrs. of Soho Int'l Arts Condo. v. City of New York, 2004 WL 1982520, *27 (S.D.N.Y. Sep. 8, 2004). "The clauses are formulated in the same words and are intended for the protection of the same fundamental rights of the individual and there is, logically, no room for distinction in definition of the scope of the two clauses." Central Sav. Bank, 280 N.Y. at 10. Thus, plaintiff's state law claims must likewise be dismissed.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) is hereby granted. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

     SO ORDERED

Dated: Brooklyn, New York
       December 29, 2006

                                                     Carol Bagley Amon
                                                     United States District Judge